## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

TARRELL RISTER,                          :
          Plaintiff               :   No. 4:10-cv-1574
                                  :
          v.                      :   (Judge Nealon)
                                  :
MARIOSA LAMAS, et al.,                   :
          Defendants              :

**FILED**
**SCRANTON**
AUG 2 8 2012

## MEMORANDUM and ORDER   PER _____
DEPUTY CLERK

## Background

On July 29, 2010, Plaintiff, Tarrell Rister, an inmate formerly confined in the Rockview State Correctional Institution ("SCI-Rockview"), Bellefonte, Pennsylvania[1], filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleged that Defendants, employees at SCI-Rockview, used excessive force against him in violation of his Eighth Amendment rights. See (Id.); (Doc. 61) (Order dismissing Plaintiff's claims of harassment, placement in administrative custody, revocation of privileges, rejection of grievances, and failure to respond to grievances). Defendants filed an answer to the complaint on June 30, 2011. (Doc. 63).

On January 20, 2012, this Court issued an Order denying Plaintiff's motion to stay discovery, motion for enlargement of time to complete discovery, motions to compel discovery, motion for appointment of counsel, motion to strike Defendants' brief in opposition to Plaintiff's request for enlargement of time, motion for reconsideration of this Court's Order of September 27, 2011 denying preliminary injunctive relief, and dismissing as moot Plaintiff's motion for enlargement of time within which to file a motion for reconsideration. (Docs. 69, 71, 77, 83, 84, 85, 86, 93, 101). On February 7, 2012, Plaintiff filed a motion for reconsideration of this Court's

---

1. Plaintiff is currently housed at the Camp Hill State Correctional Institution in Pennsylvania.

January 20, 2012, Order as it related to discovery materials. (Docs. 103, 118); see also (Docs. 104, 108-110). Defendants subsequently filed a brief in opposition to the reconsideration motion. (Doc. 122); see also (Doc. 113).

On April 12, 2012, Plaintiff filed a motion for appointment of counsel. (Docs. 119-121). On April 30, 2012, Defendants filed a motion for summary judgment, alleging that they reasonably believed the use of force was necessary, that certain Defendants were not personally involved in the incident, and that Defendants are entitled to qualified immunity. (Docs. 123-126). This Court granted Plaintiff's request for an extension of time, until August 15, 2012, to oppose the summary judgment motion. (Doc. 128). On August 13, 2012, Plaintiff filed a second motion for extension of time. (Doc. 129).

For the reasons set forth below, Plaintiff's motion for reconsideration and motion for appointment of counsel will be denied. Plaintiff's motion for an extension of time to file a brief in opposition to Defendants' motion for summary judgment will be granted.

**Standards of Review**

A motion for reconsideration is a device of limited utility and may only be used to correct manifest errors of law or fact or to present newly discovered precedent or evidence. Harasco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Sibio v. Borough of Dunmore, 2007 U.S. Dist. LEXIS 35380, *4 (M.D. Pa. 2007) (Caputo, J.). "In order to prevail, a party seeking reconsideration must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Rinaldi v. Sniezek, 2008 U.S. Dist. LEXIS 46547, *2 (M.D. Pa. 2008) (Rambo, J.)

(citing <u>Max's Seafood Café v. Quinteros,</u> 176 F.3d 669, 677 (3d Cir. 1999)).  "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." <u>Ogden v. Keystone Residence,</u> 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (McClure, J.) (internal citations omitted).  "'Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly.'" <u>Cooper v. Sniezek,</u> 2010 U.S. Dist. LEXIS 100022, *6 (M.D. Pa. 2010) (Rambo, J.) (quoting <u>Continental Cas. Co. v. Diversified Indus., Inc.,</u> 884 F. Supp. 937, 943 (E.D. Pa. 1995)).

The party filing a motion to compel discovery must demonstrate the relevance of the information sought, after which the burden shifts to the opposing party to show why the discovery request does not fall within the broad scope of discovery.  <u>See</u> <u>Option One Mortg. Corp. v. Fitzgerald,</u> 2009 U.S. Dist. LEXIS 18827, *7 (M.D. Pa. 2009), <u>citing</u> FED. R. CIV. P. 37; <u>Paluch v. Dawson,</u> 2007 U.S. Dist. LEXIS 91191 (M.D. Pa. 2007) (Rambo, J.).  Rule 26 of the Federal Rules of Civil Procedure provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

FED. R. CIV. P. 26(b)(1).  "As a general rule, therefore, discovery is permitted of any items that are relevant or may lead to the discovery of relevant information." <u>Brown v. James,</u> 2009 U.S. Dist. LEXIS 22428, *6 (M.D. Pa. 2009) (McClure, J.).

### Discussion

#### A.    Plaintiff's Motion for Reconsideration

On January 20, 2012, this Court concluded that despite Plaintiff's argument, he was not deprived of access to the requested discovery materials. (Doc. 101). Specifically, this Court found that "Defendants have either answered Plaintiff's interrogatories, or informed him that he can inspect the requested documents by simply making an appointment with the relevant prison official" and that Plaintiff "has the ability to copy any documents he wishes for a photocopying charge." (Id. at p. 4), citing Kershner v. Mazurkiewicz, 670 F.2d 440, 445 (3rd Cir. 1982) (holding that even indigent prisoners are expected to pay for the incidental costs of their litigation). Accordingly, Plaintiff's motions to stay discovery, motion for enlargement of time to complete discovery, and motions to compel were denied.

In his reconsideration motion, Plaintiff argues that this Court misunderstood his discovery requests. (Docs. 103, 118). Plaintiff asserts that his prior motions did not simply challenge whether he was offered an opportunity to view the documents and/or whether he should have been provided with free copies of the discovery materials, but that he objected to Defendants' refusal to release certain information, such as "their side of the incident" on May 19, 2012, "their job descriptions", and "Plaintiff's medical records and pictures." (Id.), citing (Doc. 75-1).

In light of his claim, this Court has again reviewed Plaintiff's previously submitted discovery motions and finds that most of his arguments related only to whether Plaintiff should be provided a copy of all discovery documents free of charge. See (Docs. 69-72, 77-80); see also (Doc. 91) (alleging mainly that Defendants should provide discovery documents without cost to Plaintiff, but also noting that Defendants objected to certain discovery requests). In Plaintiff's

motion to strike Defendants' opposition brief to his request for an extension of time to complete

discovery, however, Plaintiff alleged that Defendants failed to provide medical records,

investigation reports, job descriptions, and the housing unit visitors' log.  (Doc. 85).  Considering

that this latter argument was made in only one (1) of Plaintiff's ten (10) discovery related

motions and briefs, this Court disagrees with Plaintiff's allegation that it "patently

misunderstood" his previous arguments.  See (Doc. 118).  Regardless, these allegations will now

be addressed.

First, Plaintiff asserts that Defendants would not allow him to inspect their written

incident reports regarding the events of May 19, 2010.  (Doc. 118, p. 3), citing (Doc. 75-1, Ex. B,

Defendants' Response to Plaintiff's First Request for Production of Documents).  According to

Defendants' Response, however, they provided the investigation report.  See (Doc. 75-1, Ex. B ¶

3).  Thus, Plaintiff's objection in this regard will be denied.

Second, Plaintiff argues that Defendants refused to provide "their job descriptions."

(Doc. 118, p. 3), citing (Doc. 75-1).  Plaintiff's specific request was for "a complete copy of

superintendents, unit managers, counselors, lieutenants, sergents [sic] and correctional officers

job responsibilities/duties."  (Doc. 75-1, Ex. B ¶ 5).  Although Defendants objected to this

request as irrelevant, overly broad, and unduly burdensome, they did provide the job descriptions

for Corrections Superintendent, Deputy Superintendent, Unit Manager, Counselor, and

Corrections Officer.  (Id.).  Defendants also informed Plaintiff that there are no specific job

descriptions for majors, captains, lieutenants, and sergeants.  (Id.).  This Court finds that this

response adequately satisfied Plaintiff's request and rejects his argument to the contrary.

Third, Plaintiff contends that Defendants prevented him from inspecting his medical

records and pictures of his injuries resulting from the incident.  (Doc. 118, p. 3), <u>citing</u> (Doc. 75-1).  However, Defendants made no objection to Plaintiff's request for all medical records, including medical injury reports, sick calls, and photographs. <u>See</u> (Doc. 75-1, Ex. B ¶ 8).  In Defendants' Response to Plaintiff's First Request for Production of Documents, Defendants stated that they would make the medical records "available for inspection at a mutually convenient time and upon receipt of an Inmate Request to Staff Member by the Assistant to the Superintendent." (<u>Id.</u>).  This Court concludes that requiring Plaintiff to comply with this procedure is appropriate.  <u>See</u> <u>Victor v. Varano</u>, 2012 U.S. Dist. LEXIS 60881, *21 (M.D. Pa. 2012) (finding that requiring an inmate to submit an Inmate Request to Staff to the Superintendent's Assistant "is a fitting and proper procedure for [an inmate] to follow in securing access to these medical records"); <u>Daniels v. Kelchner</u>, 2007 U.S. Dist. LEXIS 51585, *12-13 (M.D. Pa. 2007) (Kane, J.) (denying the plaintiff's motion to compel discovery because he had not executed a DC-108 medical release form in accordance with prison policy regarding production of an inmate's medical records).  Plaintiff's claim that Defendants would not allow him to inspect these materials is without merit.

As to Plaintiff's request for access to his mental health records, <u>see</u> (Doc. 75-1, Ex. B ¶ 9), Plaintiff fails to show the relevancy of this information. <u>See</u> <u>Option One Mortg. Corp. v. Fitzgerald</u>, 2009 U.S. Dist. LEXIS 18827 at *7 (requiring the party filing a motion to compel discovery to first demonstrate the relevance of the information sought).  In <u>Brown</u>, an inmate alleging excessive use of force in his 1983 complaint sought release of his mental health records from the prison.  <u>Brown v. Beard</u>, 2011 U.S. Dist. LEXIS 29041 (W.D. Pa. 2011).  The Court denied his request reasoning:

that his mental health records are not relevant to Plaintiff's claims and providing that information to him places his mental health counselors in jeopardy, and may also negatively impact his mental health treatment. He has been provided with significant information regarding his confinement to the SMU and will be able to adequately respond to any summary judgment motion.

Brown, 2011 U.S. Dist. LEXIS 29041 at *4-5; see also Brown, 2009 U.S. Dist. LEXIS 22428 at *12-13 (denying the inmate's motion to compel discovery of his psychological records because they were not likely to lead to the discovery of information relevant to the inmate's retaliation claim). After reviewing Defendants' summary judgment motion, this Court finds that Plaintiff will be able to adequately respond to the motion without access to his mental health records. Further, the instant complaint seeks only "compensation for **bodily** harm/injury." (Doc. 1, p. 5) (emphasis added). Accordingly, Plaintiff's motion to compel this evidence will be denied.

Finally, although not mentioned in his reconsideration motion, Plaintiff complained in his motion to strike that Defendants refused to make available the housing visitors log. See (Docs. 85, 103). In his request for production of documents, Plaintiff sought release of the visitors log and/or administrative custody log over a period of approximately eight (8) months. See (Doc. 75-1, Ex. B ¶ 11). Defendants objected to this request as irrelevant, but agreed to disclose the visitor's log for May 19, 2010, the day of the incident. (Id.). This Court concludes that Plaintiff's request was overly broad and not reasonably calculated to lead to the discovery of admissible evidence. See FED. R. CIV. P. 26(b)(1). Defendants appropriately limited production of these documents to the date of the incident and the motion to compel will be denied.

Although the Order dated January 20, 2012, did not discuss Plaintiff's argument that Defendants wrongfully excluded certain materials from his request for production of documents, this Court cannot conclude that there was a clear error of law as to warrant reconsideration.

Plaintiff's numerous discovery related motions and briefs asserted that he should be provided with a copy of all discovery materials free of charge. It was only in Plaintiff's motion to strike Defendants' opposition brief to his request for an extension of time to complete discovery, (Doc. 85), which was filed without a supporting brief, that Plaintiff mentioned the exclusion of certain documents. See M.D. Pa. Local Rule 7.5 (providing that a motion shall be deemed withdrawn for failure to file a supporting brief). Regardless, this Court has now addressed Plaintiff's claims and finds no reason to vacate the Order dated January 20, 2012. (Doc. 101). Accordingly, Plaintiff's motion for reconsideration, (Doc. 103), will be denied.

### B. Plaintiff's Motion for Appointment of Counsel

By Orders dated August 19, 2010, June 21, 2011, and January 20, 2012, this Court previously denied Plaintiff's motions for appointment of counsel. (Docs. 9, 57, 101). Those Orders provided that if future proceedings demonstrated the need for counsel, Plaintiff's motion would be reconsidered. Since the entry of those Orders, however, Plaintiff has continued to demonstrate an ability to litigate this action pro se. Notably, Plaintiff has also shown that he is capable of drafting discovery requests without the assistance of counsel. See Freeman v. Dep't of Corr., 2008 U.S. Dist. LEXIS 100072 (M.D. Pa. 2008) (Vanaskie, J.) (denying the plaintiff's motion to appoint counsel in an excessive use of force case with outstanding discovery motions). This Court has reviewed the motion for summary judgment and concludes that the issues are not so complex as to require representation by an attorney. Furthermore, Plaintiff's latest motion fails to set forth sufficient special circumstances or factors which would warrant the appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 153, 155-57 (3d Cir. 1993). Plaintiff's most recent motion for appointment of counsel will therefore be denied without prejudice.

## **Conclusion**

In the motion for reconsideration, Plaintiff argues that this Court patently misunderstood his previous arguments that Defendants wrongfully prevented him from inspecting discovery documents not only because he was unable to pay for copies, but by objecting to the request for production of certain documents. Specifically, Plaintiff asserts that Defendants would not allow him to inspect their written incident reports regarding the events of May 19, 2010; however, Defendants provided the investigation report which met his request. Plaintiff also argues that Defendants refused to provide their job descriptions; but, their production of the general job descriptions for the positions held sufficiently satisfied Defendants' discovery obligations in this regard. Third, Plaintiff claims that Defendants prevented him from inspecting his medical records and photographs of his injuries from May 19, 2010. According to Defendants' Responses to Plaintiff's request for production of documents, however, they agreed to make this information available upon receipt of an Inmate Request to Staff Member by the Assistant to the Superintendent, which courts in this District have found to be a "fitting and proper procedure." Further, disclosure of Plaintiff's mental health records is not relevant to his claim for "compensation for bodily harm/injury" and does not impact his ability to respond to the summary judgment motion. After reviewing Plaintiff's numerous motions and briefs regarding discovery, this Court found that only the motion to strike Defendants' opposition brief to his request for an extension of time to complete discovery, which was filed without a supporting brief, raised the exclusion of certain documents. Although this Court concludes that its Order dated January 20, 2012, does not contain clear error, it has nevertheless reviewed Plaintiff's reconsideration claims. Finding no reason to vacate the Order, this Court will deny Plaintiff's motion for reconsideration.

Additionally, Plaintiff continues to demonstrate an ability to litigate this action without an attorney and the issues are not so complex as to require representation.  Thus, Plaintiff's fourth motion for appointment of counsel will be denied.  However, if future proceedings demonstrate the need for counsel, Plaintiff may renew his request.

Plaintiff's motion for an extension of time to file a brief in opposition to Defendants' motion for summary judgment will be granted.

**Date:** August 28, 2012

**United States District Judge**